UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:05-CV-1984-G |
| TIMOTHY K. GLAID, | ) ) | **ECF** |
| Defendant. | ) ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is the motion of the defendant, Timothy K. Glaid ("the

defendant" or "Glaid"), to dismiss this case for lack of jurisdiction or, alternatively, to

transfer venue pursuant to 28 U.S.C. § 1404(a) ("the defendant's motion to dismiss

or transfer").  For the reasons set forth below, the defendant's motion to dismiss is

denied, but his alternative motion to transfer venue is granted.

I.  <u>BACKGROUND</u>

This case arises from the alleged overpayment of pension benefits to the

plaintiff upon his agreement to take early retirement from his employer, Verizon

Communications, Inc. ("Verizon Communications"). *See* Plaintiff's Complaint Seeking Recovery of Overpayment, Constructive Trust and Injunctive Relief ("Plaintiff's Complaint") ¶¶ 5, 9. Glaid began working for Verizon Communications on March 1, 1999 and continued working there until his early retirement on November 22, 2003. *Id.* ¶ 7. In January 2004, Verizon paid Glaid a lump sum pension distribution in the amount of $665,509.31. *Id.* This distribution constituted an overpayment of $396,147.12 because Verizon did not account for a previous pension distribution Glaid had received. *Id.* ¶ 9. Verizon seeks, through this suit, to recover the funds it alleges were improperly distributed to Glaid. *Id.* ¶ 12.

## II. ANALYSIS

### A. Jurisdiction

Glaid challenges both personal and subject matter jurisdiction in this case. He contends that the court lacks personal jurisdiction over him because he does not have the requisite minimum contacts with the state of Texas. *See* Brief in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Defendant's Motion") at 2-3. Verizon does not dispute Glaid's lack of minimum contacts; it argues instead that personal jurisdiction is proper because its claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to

Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Plaintiff's Response") at 5-6.

Verizon is correct; this court has personal jurisdiction over Glaid under ERISA's

provision allowing nationwide service of process if it finds that Glaid has minimum

contacts with the United States, even though he may lack the requisite contacts with

Texas.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822,

825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11

F.3d 1255, 1258 (5th Cir. 1994).[1]  Because Glaid is a resident of the United States,

this court has personal jurisdiction over him.  *Id.*

    Glaid's challenge to subject matter jurisdiction, *see* Defendant's Motion at 3-4,

involves the propriety of Verizon's claim under Section 502(a)(3) of ERISA.  For the

court to exercise subject matter jurisdiction under Section 502(a)(3), a plaintiff "must

seek recovery of (1) specifically identifiable funds, (2) that belong in good conscience

to the Plan, and (3) that are within the possession and control of the defendant-

beneficiary."  *Cooperative Benefit Administrators, Inc. v. Ogden*, 367 F.3d 323, 332 (5th

Cir. 2004).  The defendant challenges only the first prong of this test.

    Glaid argues the funds in question are not specifically identifiable because they

"were deposited by Defendant in a pre-existing IRA, where the commingled funds

---

[1]    Although the *Bellaire* panel disagreed with the *Busch* decision -- which
held that a district court may exercise personal jurisdiction over a defendant who
lacks minimum contacts with the state in which the district court is located as long as
the defendant has minimum contacts with the United States -- it was obliged to apply
the "legally indistinguishable decision."  *Bellaire General Hospital*, 97 F.3d at 826 n.3.

have collectively experienced losses, gains, and other adjustments." Defendant's

Motion at 4. However, the commingling of funds does not make them any less

identifiable. Funds held in a law firm's trust account or the registry of a court --

places where funds belonging to one party are necessarily commingled with those

belonging to different parties -- are specifically identifiable. See *Bombardier Aerospace*

*Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348, 355-56

(5th Cir. 2003), *cert. denied*, 541 U.S. 1072 (2004). Therefore, Verizon has met the

requirements of Section 502(a)(3), and the court has personal jurisdiction over Glaid

in accordance with 29 U.S.C. § 1132(e)(2) -- ERISA's nationwide service of process

provision.

## B. Venue

### 1. *Legal Standard*

A district court may transfer any civil case "[f]or the convenience of parties and

witnesses, in the interest of justice . . . to any other district or division where it might

have been brought."[2] 28 U.S.C. § 1404(a). As a threshold matter, the language of

Section 1404(a) requires the court to determine whether the proposed transferee

district is one in which the suit might have been brought. *Illinois Union Insurance*

*Company v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002); *Eastman*

---

[2]      "The moving part[y] bear[s] the burden of proving by a preponderance
of the evidence that transfer is appropriate." *Bank One, N.A. v. Euro-Alamo
Investments, Inc.,* 211 F. Supp. 2d 808, 812 (N.D. Tex. 2002).

*Medical Products, Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 595-96 (N.D.

Tex. 2002).  Such a district "is one in which upon commencement of the suit the

plaintiff ha[d] a right to sue independently of the wishes of the defendant."

*Independent Fish Company v. Phinney*, 252 F. Supp. 952, 953 (W.D. Tex. 1966) (citing

*Hoffman v. Blaski*, 363 U.S. 335 (1960)).  "[V]enue must have been proper in the

transferee district and the transferee court must have had power to command

jurisdiction over . . . the defendant[ ]."  *Illinois Union Insurance Company*, 191 F. Supp.

2d at 797 (quoting *Shutte v. Armco Steel Corporation*, 431 F.2d 22, 24 (3d Cir.), *cert.*

*denied*, 401 U.S. 910 (1971)).

After determining that the transferee district is one in which the case might

have been brought, the court considers "all relevant factors to determine whether or

not on balance the litigation would more conveniently proceed and the interests of

justice be better served by transfer to a different forum."  *Peteet v. Dow Chemical*

*Company*, 868 F.2d 1428, 1436 (5th Cir.) (internal quotations and citations omitted),

*cert. denied*, 493 U.S. 935 (1989); see also *Illinois Union Insurance Company*, 191 F.

Supp. 2d at 797 (stating that the second part of the 1404(a) transfer analysis, after

determining that the transferee court is one in which the case might have been

brought, is to examine the convenience of the parties and witnesses, and whether the

transfer is in the interest of justice).  These factors include:  (1) the convenience of

the parties, (2) the convenience of material witnesses, (3) the availability of process to

compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) where the events in issue took place, and (8) the interests of justice in general. *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538-G, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003) (Fish, C.J.); see also *Gundle Lining Construction Corporation v. Fireman's Fund Insurance Company*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

### 2. *Jurisdiction in the Western District of Pennsylvania*

For a court in the Western District of Pennsylvania to have jurisdiction over this case, Verizon must have been able to file this action in that court. *See* 28 U.S.C. 1404(a). ERISA's jurisdictional provision allows a plaintiff to file suit "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the defendant resides in the Western District of Pennsylvania, the court in that venue would have jurisdiction over this case.

### 3. *Applying the Eight Factors*

To determine whether a transfer is appropriate, the court will apply the eight factors listed *supra*. See *Minka Lighting, Inc.*, 2003 WL 21251684, at *2. The first factor to be considered is the convenience of the parties. The defendant generally alleges that the Western District of Pennsylvania will be a more convenient forum for

- 6 -

the parties "because most, if not all of the parties and their respective employees reside and/or work in Pennsylvania." Defendant's Motion at 5. However, this bold assertion is inaccurate. Although Verizon Communications undoubtedly employs many employees in Pennsylvania, the plaintiff and its employees are actually located in the Northern District of Texas. *See* Plaintiff's Response at 12. Moreover, even though the defendant will undoubtedly incur additional costs if he must defend an action in this forum, Verizon will incur similar expenses if it must travel to Pennsylvania to pursue this case. Shifting expenses from one party to another does not weigh in favor of transferring a case without some evidence that shifting those expenses would serve the interests of justice. See *Salem Radio Representatives, Inc. v. Can Tel Market Support Group*, 114 F. Supp. 2d 553, 558 (N.D. Tex. 2000).

Glaid next argues that his material witnesses reside in Pennsylvania and a transfer of venue will benefit them. Similarly, he argues that the cost of getting those witnesses to Texas for trial will be substantial. *See* Defendant's Motion at 5. The defendant supports this position with citations to his affidavit, in which he lists several potential witnesses and a general description of his ties to each witness. *Id.*; Affidavit of Timothy K. Glaid ("Glaid's Affidavit") ¶ 10, *attached to* Defendant's Motion *as* Exhibit A. Glaid fails, however, to recognize that many of the material witnesses in this case -- Verizon's employees who administered the plan benefits -- are located in the Northern District of Texas. *See* Plaintiff's Response at 19. Because

- 7 -

potential witnesses are located in both venues and both parties would incur substantial expense in presenting their witnesses in the other forum, this factor does not favor a transfer.

The next factor to consider is the availability of process to compel the presence of unwilling witnesses. The defendant posits that he will need to compel Verizon employees residing in Pennsylvania to testify on his behalf at a trial in Dallas. *See* Defendant's Motion at 5. By contrast, the witnesses Verizon lists in the Northern District of Texas should be willing to testify for Verizon at a trial in Pennsylvania because they are all Verizon employees. *See* Plaintiff's Response at 19. Accordingly, this factor weighs in favor of transferring the case.

The fifth factor is the ease of accessing evidence in each venue. Some of the evidence in this case is located at Verizon's offices in Texas, and some of the evidence is located in Pennsylvania where the defendant resides. Both parties concede that the majority of document production and discovery in this case can be handled electronically. *See* Defendant's Motion at 6; Plaintiff's Response at 21. Furthermore, technological advances have significantly diminished the importance of this factor in the court's analysis. *Mohamed v. Mazda Motor Corporation*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). Thus, this factor has no effect on the court's analysis.

Glaid's next argument is that calendar congestion in the Northern District of Texas favors a transfer to the Western District of Pennsylvania. *See* Defendant's

Motion at 6.  In support of this contention, Glaid has attached judicial caseload profiles for each of the districts.  *Id.* at Exhibit B.  The profiles show that in 2004, the most recent year available, each judge in the Northern District of Texas had approximately 67 percent more case filings and 24 percent more pending cases than each judge in the Western District of Pennsylvania.  *Id.*  Because the calendar for the Northern District of Texas is more congested than the calendar for the Western District of Pennsylvania, this factor weighs in favor of transferring the case.

The seventh factor to consider is where the relevant events took place.  Verizon argues that the relevant events in this matter took place in the Northern District of Texas, because that is where it manages its employee benefits plan.  *See* Plaintiff's Response at 22-23.  However, Glaid executed the contract regarding his early retirement and received the payment at issue in Pennsylvania.  *See* Glaid Affidavit ¶ 9.  Thus, the events actually leading to this lawsuit occurred in the Western District of Pennsylvania.  Consequently, this factor favors transferring the case.

The final task in the court's transfer analysis is to evaluate the general interests of justice.  Glaid argues that the interests of justice favor transferring this case because the Western District of Pennsylvania is a more convenient forum for him and this suit arose purely as a result of Verizon's mistake.  *See* Defendant's Motion at 6.  This argument weighs in favor of a transfer.

Verizon counters Glaid's interest of justice argument, however, with a contention that judicial efficiency favors keeping the case in this district because it has numerous additional cases with similar facts pending here. *See* Plaintiff's Response at 23. The plaintiff fails to note, however, that the two dozen cases pending in this district are spread among all nine of the judges who sit in the Dallas Division. Although the plaintiff could have filed many of these cases together in one or two actions, it chose to file seven different lawsuits on April 14, 2006 and seven more on November 6-7, 2006, thereby ensuring the suits would be assigned to a variety of judges and *maximize* the cost to this district's judicial resources. Verizon's argument that keeping the case in the Northern District of Texas will ensure judicial economy is, therefore, unpersuasive.

Verizon also argues that ERISA requires courts to give significant deference to a plaintiff's choice of forum. *See* Plaintiff's Response at 24. The plaintiff cites several cases in which courts have found that ERISA's broad venue provisions weigh in favor of granting a plaintiff its choice of venue. *Id.* However, Verizon omits key language when it quotes these cases. Each case cited by Verizon stands for the simple proposition that when all the other factors are equal, the plaintiff's choice of forum is dispositive. See *Trustees of Hotel Employees and Restaurant Employees International Union Welfare Pension Fund v. Amivest Corporation*, 733 F.Supp 1180, 1183 (N.D. Ill. 1990) (other factors in the transfer analysis were "virtually balanced" between the two

forums); *Connors v. Peles Coal Company, Inc.*, 637 F. Supp. 321, 322 (D.D.C. 1986) ("ERISA collection cases, *all other things being equal*, should be litigated at the place of business of the fund involved") (emphasis added); *Dugan v. M & W Dozing & Trucking, Inc.*, 727 F.Supp. 417, 419 (N.D. Ill. 1989) ("Given this mutual inconvenience . . . the plaintiff's choice of forum is entitled to deference").  In other words, if the first seven factors considered by the court in its transfer analysis end in a tie, then deference to the plaintiff's choice of forum should keep the case in the venue in which it was filed.

The arguments considered under the "interests of justice" factor -- deference to the defendant's choice of forum because the suit resulted from the plaintiff's error and deference to Verizon's choice of forum because it is the plaintiff -- balance each other out.  Therefore, the eighth factor weighs neither for nor against the defendant's request for a transfer.

Three of the factors -- the availability of process to compel the presence of unwilling witnesses, calendar congestion, and the location in which the events at issue took place -- weigh in favor of transferring the case to the Western District of Pennsylvania, and the other five factors weigh neither in favor nor against transferring the case.  Thus, the court finds that it is appropriate to transfer this case to the Western District of Pennsylvania.

III.  <u>CONCLUSION</u>

For the reasons stated above, the defendant's motion to dismiss is **DENIED**, and his alternative motion to transfer venue is **GRANTED**.  This case is **TRANSFERRED** to the **United States District Court for the Western District of Pennsylvania**.

**SO ORDERED**.

November 28, 2006.

_A. Joe Fish_____
A. JOE FISH
CHIEF JUDGE